# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

James Trammell,         Case No. 1:06-cv-429

   Plaintiff

vs

David R. Caudill, Jr., et al.,        **ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND TO SHOW CAUSE**

   Defendants        (Dlott, J.)

     Plaintiff, a resident of Cincinnati, Ohio, brings this civil action alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

     Plaintiff, who is proceeding *pro se*, brings this action against David R. Caudill, the Clermont County, Ohio Clerk of Court, "Judge Haddad Court," "Security Woman," the Union Township Police Department, and Officer Jim McClannahan. Plaintiff's complaint appears to repeat the same allegations contained in several previous complaints filed by plaintiff. As best the Court can discern, plaintiff alleges the "Security Woman" framed him on a charge of public indecency, and that defendant McClannahan arrested him on this charge. He alleges "Judge Haddad Court" found him incompetent to stand trial and had him probated. The remaining allegations appear to be a compilation of unintelligible and disjointed thoughts. The Court is

unable to discern the type of relief plaintiff is seeking.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are virtually incomprehensible and, to the extent intelligible, fail to rise to the level of a violation of federal law. In addition, plaintiff's complaint alleges that both he and the defendants reside in Ohio. Therefore, there is no diversity of citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

In addition, this appears to be at least the seventh time plaintiff has sought relief from this Court based on the same frivolous allegations. *See, e.g., Trammell v. Caudill*, Case No. 1:04-cv-795 (S.D. Ohio Nov. 24, 2004); *Trammell v. Caudill*, Case No. 1:05-cv-561 (S.D. Ohio Aug. 26, 2005); *Trammell v. Caudill*, Case No. 1:05-cv-740 (S.D. Ohio Nov. 17, 2005); *Trammell v.*

*Caudill*, Case No. 1:06-cv-129 (S.D. Ohio March 10, 2006); *Trammell v. Haddad*, Case No. 1:06-cv-210 (S.D. Ohio April 14, 2006); *Trammell v. Caudill*, Case No. 1:06-cv-228 (April 20, 2006); *Trammell v. Caudill*, Case No. 1:06-cv-305 (S.D. Ohio May 22, 2006).  On May 22, 2006, the Court notified Mr. Trammell that if he continues to submit complaints raising claims identical or similar to those that have already been adjudicated, he may be subject to sanctions under Fed. R. Civ. P. 11.  *See Trammell v. Caudill*, Case No. 1:06-cv-305 (S.D. Ohio May 22, 2006)(Doc. 4).  Despite this Court's warning, Mr. Trammell has once again filed a complaint repeating the same frivolous allegations raised in his previous complaints.

     A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law.  The Court has the inherent power to prevent abuse of the judicial process, including the imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50  (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002).  The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule.  Pursuant to Fed. R. Civ. R. 11(a), a *pro se* litigant must sign every pleading, written motion, and other paper submitted to the Court for filing.  The signature constitutes a certificate by the litigant that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading, motion, or paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(1), (2).   The

Court may impose appropriate sanctions against a *pro se* litigant for his violation of Rule 11. Fed. R. Civ. P. 11(c)(1)(B). *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, 48 F.3d 1219 (table), No. 92-3842, 1995 WL 89003, at * 2 (6th Cir. Mar. 2, 1995) (unpublished) (Rule 11 does not provide a different standard for attorneys and non-attorneys); *see also Doyle v. United States*, 817 F.2d 1235 (5th Cir.), *cert. denied*, 484 U.S. 854 (1987). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Plaintiff's *pro se* status is no excuse for the filing of the instant frivolous complaint. The filing of this repetitious complaint despite the Court's Order to the contrary constitutes an abuse of the judicial process. As the Supreme Court has noted:

> Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989). Plaintiff's repeated filing of essentially the same complaint in the above actions has wasted the Court's limited resources and deprived other litigants having meritorious claims of speedy resolutions of their cases.

Accordingly, the Court hereby **ORDERS** plaintiff to show cause, in writing, and within twenty (20) days of the date of this Order, why he has not violated Federal Rule of Civil Procedure 11(b) and why sanctions should not be imposed against him for his filing of the

instant complaint. *See* Fed. R. Civ. P. 11(c)(1)(B).

      **IT IS SO ORDERED**.


                         S/Susan J. Dlott
                         Susan J. Dlott, Judge
                         United States District Court